### Bell v. Bell and Smock.

*Judgment—Partnership—Confession of judgment—Act of March 26, 1915.*
1. Under the Act of March 26, 1915, P. L. 18, one partner, when authorized by other partners, may confess judgment against the partnership for money due by the firm.
2. When a judgment note is executed by one partner in the name of the partnership, under authority given by the other partners, it is not necessary that such authority should be averred in the note itself.

Rule to set aside execution and strike off judgment. C. P. Crawford Co., Sept. T., 1921, No. 174.

*Otto Kohler*, for plaintiff.

*B. B. Pickett* and *Albert L. Thomas*, for defendants.

PRATHER, P. J., Jan. 2, 1922.—Bell and Smock were partners as milk venders, and among their creditors was plaintiff, who became so as a seller of milk to said.firm.

On or about Sept. 15, 1921, with the knowledge and consent of Smock, his partner, Bell gave to W. B. Bell a judgment note for $220 to meet the firm's indebtedness to said plaintiff.

Depositions were taken, on the one hand affirming, and on the other denying, such authority. In our opinion, the weight of the evidence sustains plaintiff's contention that the partner, Bell, was authorized by his partner, Smock, to execute a note to W. B. Bell for the amount due him from the firm.

The Uniform Partnership Act of March 26, 1915, P. L. 18, is entitled "An act relating to and regulating partnerships." It was evidently intended for the protection of partnership assets and the partners as against each other.

Partners may still prefer their creditors by confession of judgments on the execution of judgment notes in favor of any creditor they may choose.

Section 9 of the act provides: "Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member, binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority."

2 D. & C.

Bell v. Bell and Smock.

The declaration that "every partner is an agent of the partnership" is merely an announcement of the ancient relationship of partners as among themselves and as related to their.creditors.

The third clause of this section provides as follows: "Unless authorized by the other partners, . . . one or more but less than all the partners have no authority to . . . confess a judgment."

Reading this clause affirmatively we have: When authorized by the other partners, a partner may confess judgment against the partnership.

It is urged that either the note or the *narr* should contain an averment of partnership authority to execute the instrument. We do not consider this contention tenable, for the reason that the partnership relation presumes this power to belong to each partner as agent for the entire partnership.

If it is urged that the giving of a judgment note with warrant of attorney to confess judgment is not a confession of judgment, then the act complained of, to wit, the giving of this note, would come within the provisions of clause 2 of section 9, which provides: "An act of a partner which is not apparently for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners."·

Having found that Smock gave to Bell, the other partner, authority to execute this note, its execution became the act of the partnership. And it appearing that the partnership owed the payee therein and the plaintiff herein the amount of said note, there seems to be no defence to its obligation.

It follows that the rule should be discharged.

Now, Jan. 2, 1922, rule to stay execution and strike off judgment are both discharged.